The next case on today's docket is the case of Peabody-Watershed Development v. Islands of Waterside, Regions Bank, and Prairie Construction Management. We have Mr. Phil Christofferson for the appellant, and we have Mr. Bill Saurine for the appellate. You may proceed. May it please the court, good morning, your honors. I am Phil Christofferson, and I represent the appellant's Peabody-Waterside Development, LLC. This case is here on appeal for a grant of summary judgment in favor of Regions Bank. The question that is before the court today is whether a construction contractor who performs work on property owned by a limited liability company may claim a mechanics license against that property to secure payment for work it has performed when the contractor is also one of the members of that limited liability company. The trial court found that my client at Peabody-Waterside, which is one of the members of Islands of Waterside, the ownership entity, could not claim a lien against that property after doing its work because it was quote-unquote jointly interested in the real estate itself. Our basic argument is that this ruling was in error because the Illinois LLC Act tells us precisely the opposite, that members of a limited liability company have no interest in the property of the LLC, be it real estate or personal property, but rather each member of an LLC simply owns its membership interest in the entity itself. So we're asking the court for reversal and remand today. Are you saying that an LLC cannot be a member of a joint venture at all? Oh, no. An LLC could come together with an individual with another LLC to form a joint venture. What I'm saying, and what I believe the error that the trial court made, is it conflating an LLC with a joint venture. It's saying that they are essentially indistinguishable things. So that you have an LLC in this case that is comprised of two LLCs. It certainly could have been put together by the members such that there was no LLC ownership entity at all. They could have formed a joint venture called Praxis Peabody-Waterside Joint Venture. That joint venture would be governed by partnership law. Instead, what they elected to do was choose the corporate form of a limited liability company, which brings it completely out of partnership law and puts it within the confines of the LLC statute with a completely different set of rules and obligations that apply to it. Can you explain then for me Exhibit 19 where they call it a joint venture? Your Honor, which exhibit is Exhibit 19? Exhibit 19 is a resolution adopted by the written consent of the manager of Peabody-Waterside Development, LLC. And Peabody-Waterside is saying that they are interested in pursuing a joint venture. Right. By forming Islands of Waterside. They did say that, that's right. The intention, and I think there's also a recitation in the briefs about Mr. Bethel, his deposition testimony, referring to it at times as a joint venture. I think you have to separate the use of the common term joint venture from its legal meaning, joint venture. This is a legal resolution of the LLC? It is a resolution of Peabody-Waterside's board of directors, I believe. That's correct. So are you saying the joint venture is really not a joint venture? No, what I'm saying is that what Praxis and Peabody-Waterside ultimately elected to pursue is a limited liability company, not a joint venture. A limited liability company is a distinct legal entity. Much like, just like a corporation is a distinct legal entity. It can sue and be sued. It can own property. It has to follow all the statutory requirements in the LLC. A joint venture, in the case decided by both regions and by Peabody-Waterside, a joint venture is an unincorporated association. It's two people, two or more people, who get together and say, we're going to pursue an enterprise here, but we're not going to incorporate ourselves. We're not going to form a business entity. We're going to essentially be a partnership. And that is why you see these cases that are cited in our brief, which talk about Ingray-Johnson, and in fact I believe Regents cited Yogle versus Hyde. And both of them say very clearly that a joint venture, a true joint venture, is governed by partnership principles. Well, in a partnership, if I form a general partnership with you, that's not a distinct legal entity. You and I are both liable for the debts of the partnership. And in terms of owners of owning property, you and I are considered co-owners of the partnership property. But that's not the case for a limited liability company. When you form an LLC under the statute, the statute tells us in 805 ILCS 18031-1A, a member of an LLC is not a co-owner and has no interest in the property of a limited liability company. That's what distinguishes the joint venture or the partnership model from the LLC. And that's what we believe is fundamentally the mistake that was made at the trial court, was it would be. The trial court's decision that this was nothing more than a joint venture. It is something more than that. And the only way you can reach the result that was reached below is to ignore the corporate form that these entities chose to take on. And I believe that should be done. Praxis and Peabody Waterside came together in 2005 and said we're going to form an LLC, Islands of Waterside. Each of them owned a 50% interest. And Islands then purchased this 900-acre development in Washington. The idea was they were going to develop it for recreational and residential development. When Islands went out and solicited bids from contractors to do site prep and grading work, which you can imagine was substantial for a 900-acre development, the bids came back much higher than anticipated. And so the members got together and said, you know, Peabody Waterside can do this work and we can save some money. We can do it less expensively. So they entered into a written contract. Islands of Waterside as the owner and Peabody Waterside as the general contractor. And in that contract they said we're going to do the work ourselves, Peabody Waterside, and in exchange we will be paid on a cost-plus basis, standard sort of pricing mechanism in a construction contract. We'll be repaid the cost of our work and we'll be paid a contractor's fee to cover overhead and property, which is a standard construction industry type of contract. But the contractor was a co-owner. Well, the contractor is not a co-owner. That assumes the conclusion. The LLC was a co-owner of the property. Peabody Waterside LLC is a co-owner of Islands of Waterside LLC. Which owned the property. Which in turn owned the property. Right. That's right. And the contracting was done in the name of the LLC. Correct. Not Islands, but Peabody. Well, the construction contract is between Islands, the owner, and Peabody Waterside, the contractor. The co-owner. The co-owner of Islands. Right. Yes, that's correct. So over the course of the next year or so, Peabody Waterside does work to the tune of $4.5 million. Is never paid for its work. Has never been paid for anything. And filed a mechanics lien against the property and that's how we got here today. One of the important things to note as we get into the analysis is that the Illinois Mechanics Lien Act contains no exception for joint ventures. It doesn't say anything about you can't have a lien if you own property or a partnership or an LLC. It says any person who performs work under a contract with the owner of the property is entitled to a lien. So this is entirely a judicial creation that we're talking about here. It's based on a common law concept that a person who owns a piece of property can't file a lien against themselves, their own property. The fundamental problem with finding that that analysis applies here, as I've said, is that in order to get to that conclusion, you must ignore the corporate claim. And you must ignore the nature of the relationship between an LLC and its members. General partnerships, joint ventures are treated under partnership. LLCs are not. They're treated under the LLC Act. And the LLC Act says in plain language, members are not co-owners of LLC property. And it makes sense if you accept that someone can't lien their own property. It makes sense that in a joint venture, a joint venture could not lien the joint venture's property because that's not an incorporated entity at all. It's just two people coming together for a common purpose. If they buy property together, they're co-owners of the property. But that's not what the LLC Act says for LLCs. That's the distinction the trial court didn't make. That's why we're asking for the reversal. And it's where the analysis breaks down when you try to apply. There's really only one case that Regents have cited that would arguably apply here, and that's the Fitzgerald v. Amos case. We've cited a number of different cases from various jurisdictions that expressly say an LLC is not a joint venture. There's no case like that in Illinois. I would submit that it's because it's self-evident when you consider what a joint venture is in comparison to an LLC. But the one case that I think I do need to address is this Fitzgerald v. Amos case. It's a very short opinion. When you take out the head notes, it's literally one case. In that case, you had a husband and wife who owned property together. They hire a third-party individual to build some apartment buildings. And they end up in kind of an unusual relationship. The contractor says, you don't have to pay me anything, but once the apartment buildings are up and running, you'll pay me half of the proceeds of the operation. And they agreed to that. And so the Fitzgerald court, when the joint venture broke apart and Fitzgerald tried to come back and say, now I get a pianist lien, the court said, no, you were involved in a joint venture. With the individuals who had titles of the property. And the two things that distinguish Fitzgerald from our case, of course, the first is the entity concept, which we talked about. But the second distinction is that in Fitzgerald, the contractor's only compensation for the work was a share of the profits of the ongoing operation of the apartment buildings. That is not what we have here. We have a written contract here. Whether the Islands of Waterside entity succeeded, failed, made money, lost money, had nothing to do with whether or not Peabody Waterside, in its role as a contractor, was to be paid for the work it did to improve the LLC's property. So Fitzgerald is, in my view, not only distinguishable, frankly, I don't know that it's good law. There's no explanation in that case as to how the court reaches that decision under the LLC Act. You have to sort of surmise that it's on the basis of the common law action about lien income and property. But the gentleman in that case didn't own the property in any event. Fitzgerald is distinguishable. And that's really the only case that Regents has cited. They've had, by my count, six opportunities, five below and here briefing this case, to cite any case anywhere in America that stands for the proposition that an LLC member cannot lien the LLC's property if they do work on it and are not paid. Not one. Not one. This would be the first decision, to my knowledge, that would say that. There's all sorts of discussion in Regents' response brief, and it's mentioned as well in the trial court's judgment. So I want to address for a moment this concept of consent or control of the entity. There's an argument that's made that Peabody Waterside, as a member of Iowans, controlled Iowans. And there's a recitation of things that supposedly support that. The trial court, for example, cited the fact that Peabody Waterside is a 50% co-owner of Iowans, contributed capital, and agreed to share in profits and losses. Now, all of those things, of course, are true. They're true of any LLC. That's what an LLC is. It doesn't change the fact that under the statute, LLC members don't have any interest of any kind in the LLC's property. All they have is a membership interest. And I think maybe one easy way to look at this, you know, my law firm is an LLC. I'm a member of my firm. If I'm driving home from court today, and I get in a car accident, and the other driver sues me and wins, they can't come to my law firm and start seizing assets. They can't garnish my law firm's bank accounts, because I don't own that property. The LLC, my law firm and my other partners, the LLC owns the property. I guess I'm confused about why you keep drilling down to the members, the people, the individuals. Here the LLC did the work. The LLC was the member, and you're saying that member doesn't have any ownership interest in Iowans? No, no. Because if Peabody has interest in Iowans, if it's a co-owner, that entity, then it is leaning its own property. And you keep talking about people, people in the LLC, but the work was not done by people in the LLC. It was done by the LLC. Well, to make sure I'm talking about the same LLC you own, Peabody, Peabody Waterside LLC, you are correct, is a 50 percent owner of the Iowans LLC. That's right. And Iowans was formed as a result of a joint venture agreement between Praxis and Peabody to create Iowans. It's not a joint venture agreement. Exhibit 19 is a resolution by Peabody, the manager of Peabody Waterside. So we have Peabody Waterside doing the work and Peabody Waterside Management executing a document, a resolution, to form a joint venture with Praxis to create Iowans. Right. And you tell me that's not a joint venture. It is not a joint venture. Okay, let me ask one question. Are you sure that it's Illinois law that will apply here? Well, no. As to the mechanics lien statute, absolutely yes. Yes. As to the LLC Act, I actually believe Delaware law may apply to be candid. And as I think I said in the brief, it doesn't matter. For purposes of this argument, because Delaware has an identical, not identical, but essentially substantively identical provision with respect to LLC property ownership and how members' interests work. Well, when I was reading it, they're all Delaware corporations that are involved. And it would seem to me that the Delaware LLC Act would be the choice of law, maybe not for joint venture, but for the ownership, the things you're talking about. I would agree with you, Your Honor. I cited both because it wasn't entirely clear, but I would agree that I think the Delaware- Did the court make a choice of law decision? I'm sorry? Did the trial court make a choice of law decision? No, Your Honor. And I doubt the only case that the court cited was Fitzgerald, which, of course, is Illinois. Okay, thank you. Sure. So on the issue of consent and control, I want to be very clear. Peabody Waterside, notwithstanding what regions may say, had no ability to control islands. This is an entity that is comprised of two members. The consent or the agreement of both members was required for any activity, any significant activity to take place. Every statement that they made about, well, Peabody needed to consent to taking out the loan, they needed to consent to waiving defenses, the same statement is true for praxis. Neither one of these parties could do anything, really, without agreement of both members. And so this notion that we control, we, Peabody Waterside, control it, I think what regions is really trying to do is sort of hint at, without actually trying to plead or prove, some sort of a veil piercing or an alter ego theory, which, suffice to say, was not pled, not proven, and not the basis for the trial court's decision. But to the extent you want to talk about control of the LLC, what they don't mention, and what we did in the reply, is that praxis is the managing member of islands. The president of islands is an employee of praxis. So to the extent there's day-to-day issues, day-to-day control of islands was not in Peabody Waterside at all. It was in praxis. Overarching bigger decisions, just like any LLC, requires the members to agree. But there is no evidence that Peabody Waterside controlled any aspect of this LLC. I will leave you with this, Your Honor. The last argument that is raised in Regents' brief is essentially one of fairness.  I'm not sure why that's relevant here, but I'm compelled to say something about it. Regents Bank was not only aware of, but was intimately involved with this entire development from well before any of the contracts were even signed. Regents Bank was assigned the grading contract on the day it was executed. Regents Bank now wants to get the benefit of $4.5 million worth of my client's work and leave my client in the dust, so to speak. And I'm not clear as to what policy reason might exist that would suggest that the trial court's ruling makes sense here. If we know because of the facts of this very case that the most efficient way for the work to be done was for Peabody Waterside to do it, rather than to spend more money and go out and have a third-party contractor from outside come in and do it. We know that's true. Those are the facts that we know. Why would we foreclose the ability of members of an LLC to do work for the LLC when it makes sense? And also consider, how far does the logic of the trial court's ruling go? What if there were 10 members in this LLC? What if there were 1,000 members? Are we still ready to say that an LLC member simply can't lean in because, hey, they have a joint interest of some kind, even when the statute tells us they don't? The decision will always be here. We would ask the court to reverse and revamp the further proceedings. Thank you. Thank you, Mr. Christofferson. You'll have the opportunity for rebuttal. Mr. Sauerwein? And may it please the Court, I'm Bill Sauerwein. I represent Regents Bank in the case below, and I'll just appeal. Regents made a loan to Peabody so that it could develop some home-like property it had as a residential property. Peabody formed LLCs as the vehicle through which it would undertake these developments and recruited in a company, Praxis, to assist it with the development. Their argument is very simple, but it's also simply wrong. They want to argue that the court ruled, for instance, that a member of an LLC cannot file a mechanics lien against the property. That's not what the court ruled. That's not what we're asking this court to rule. It's unnecessary. Their argument is that because the Limited Liability Corporation statute says that a member doesn't own an interest in the LLC's assets, that a member can file a mechanics lien against the property. That argument is completely incongruent. It's a creation of Peabody's only, and the reason there are no cases that make that holding is because those two concepts never intersect. Illinois mechanics lien law says that anyone jointly interested in the development or the project is not the type of person entitled to a mechanics lien. That's exactly what the Fitzgerald case says. That's what the law in every jurisdiction is. It's not unique to Illinois, and it's not unique to the Fitzgerald case. It probably explains why the Fitzgerald case is as short as it is, but a person jointly interested in the development or the project cannot file a mechanics lien against the property. This is what the court ruled. He said in his opening statement that the court ruled below that because Peabody Waterside was jointly interested in the real estate, that it could not file a lien. This is not what the trial court held. The court held that that LLC was jointly interested in the development or the project. That was admitted by Mr. Bethel, who testified on behalf of Peabody Waterside. That was admitted here in the argument today. It was admitted in all the pleadings. They formed the venture, formed LLCs as the vehicle through which this venture would be undertaken, and Peabody Waterside shared in the profits and losses. They owned a 50% interest in the entity that held title to the property at that time. And I say at that time because the previous owner in title was another Peabody entity, and the previous owner in title was another Peabody entity, all the land was formed by Peabody, all transferred and titled around. This is Peabody property. It's always been Peabody property. And certainly if they had their way out of some handicap case, it would simply remain Peabody's property. He also mentions and argues that a joint venture has to be comprised of individuals. It does not. The rental versus road case that we cited is an Illinois case that he ignores, that there are two LLCs that were found by the court to have formed another LLC for the purpose of undertaking a joint venture development. There doesn't need to be an agreement to have a joint venture. A joint venture is not a special sort of entity. A joint venture is any association of two or more parties for the common purpose of undertaking an enterprise or development. Okay? So he wants to classify it and sort of sets up the straw argument that, no, this is an entity unto itself. It has its own law when, in fact, it's just an association of two or more parties. Those parties can be LLCs. They can form another vehicle or form another LLC as the vehicle under which that venture can be taken. Judge, in case you asked about which law applies, and I don't think there's any dispute, it was any dispute below about the mechanics lien law that Illinois applied. In determining the class of persons entitled to mechanics lien law, Illinois law narrowly construes that statute and states very clearly that those jointly interested in the project or development, that's the Fitzgerald case, cannot or are not the type of people entitled to a mechanics lien. There are other cases cited in our brief, First Bank v. Rinaldi, where a person in that case functioned as a developer under a development relationship. A developer is not entitled to a mechanics lien. Okay? That's what that case holds. There are cases in virtually every jurisdiction which limits those persons entitled to a mechanics lien to a subcontractor, a contractor, or a material vendor. Those parties supply effort and materials to improve the value of the property. Where the people on the other side of the line, those holding an ownership interest or another type of interest in the property, are on the owner's side of the line. They're not entitled to mechanics liens. Okay? It occurs to me that our argument is actually a simple one, that once Mr. Bethel testified that Peabody Waterside is filing a lien, they're claiming to be the lien claimant and also are jointly interested in development, that the case was over. That is the rule of Fitzgerald. That is the law under the mechanics lien statute. Did the bank get notice or have any knowledge that Peabody Waterside was doing the contracting? The answer is no. The loan, we dealt with one person from Peabody who promoted the loan as a Peabody loan, but of course said they would form LLCs to undertake the development. As part of the, he makes an issue I know in his brief, but as part of the loan documents, there's a very standard agreement which assigns all leases and contracts and documents to the bank. The bank takes a security interest in that. That he argues that, hey, we actually took an assignment of the grading contract, and I guess technically that is true under that arrangement. So his argument, I gathered, was that you had notice because you took the assignment. You knew about it. I don't know if that was actually his argument or not. I think his argument was one, his point on that was one of equity and fairness. Hey, now if Regents Bank wanted to, they could pay the Peabody Waterside their $4.5 million that they demanded and take over the grading project to complete the project. That's in his category. So what you're asking the court to do is just apply very simple Illinois joint venture law. And whether the LLC's act under Illinois law or Delaware law talks about not being owners or whatever is really a non-issue. It's a complete non-issue. Actually, I'm asking not to apply joint venture law, but Illinois mechanics lien law. The mechanics lien law is quite clear. Well, the mechanics lien law says any person. But the common law that's developed out of the mechanics lien says you have a joint interest. That's correct. And so in order for us to get to joint interest, what you're asking us to do is look at the joint venture law in Illinois, which can be implied. It doesn't even have to be a formal agreement. It doesn't, I agree. And the admissions made by Peabody Waterside, which I support as a representative, that they shared in their profits and losses. That's enough to pass into a joint venture. That they were jointly interested in the development of the project. All of that was undisputed. It's undisputed. We said in the case of which runs through the five factors that one must consider when deciding whether or not a joint venture actually existed. And Peabody Waterside clearly satisfied all five of those criteria. This association of Peabody and Praxis clearly satisfied all five of those criteria. You know, to your point, he complains and complains to the court below that I can find no case in any state that says a member of an LLC can't file a mechanics lien. Well, the converse is always true. Also true. He cannot find any case that says a member of an LLC can file a mechanics lien. And it's for the reason I said before. The two subjects are never intersect in the law. Here, very simple mechanics lien law and joint venture considerations work to tell us, consistent with the Fitzgerald case, that Peabody Waterside is not the type of party to file a mechanics lien. That's what Judge McGlynn found below based on the undisputed facts. And that's what this court should find. There is nothing novel about it. There is nothing novel. I know you said that the agreement undertaken in the Fitzgerald case was some novel and unique agreement. It wasn't. And it's certainly no more unusual than the agreement that Peabody Waterside undertook in this case. In fact, it's identical. They went in as an investor, as a participant in this venture, to reap the gains and profits and rewards of the development. The law is not whether the LLC can or does own an interest in a real estate that prevents it from holding a lien. The law is clearly whether it's jointly interested in the development. And that was undisputed. And it was undisputed in the argument here today. Speaking to a few things that he mentioned in this argument, I think he spends a lot of time in that brief Peabody does and I think they did in the argument. So they're recharacterizing our arguments and then shooting them down. We are not asking this court to ignore the corporate technical forum in any respect. We don't think you have to, to reach the, to affirm the judgment of the trial court. All that needs to be found is that Peabody Waterside is jointly interested in the success or failure of the development, which they admit. In his, in the brief filed by Peabody Waterside, I think he, I think he mentioned it in his argument and I do want to address it here today. He mentioned that he had cited a number of cases that stood for the proposition that members of an LLC are not joint venturers. And I submit to you that he has cited no such case. He cites First Illinois Bank versus Parker for the propositions expressly in his brief that members of an LLC are not joint venturers and an LLC is not a partnership. This proposition, this rule of law exists nowhere in that case. I could not find that no matter how many times I read it and the quoted portions that are in the brief do not exist in that case at all. He cites that same, for that same proposition in Peabody Waterside's brief, he cites the Johnson case. Again, for the proposition of members of an LLC are not joint venturers. The Johnson case did not involve limited liability corporations in any respect. That rule of law exists nowhere in that case. So the statement that he cited several cases for this proposition simply falls flat. It's not borne out by the language of the cases in any respect and frankly I think it's misleading. In the reply brief also there were a number of cases cited from other jurisdictions. One, the Sham Brule case is a case that he cited for that same proposition and that case has been reversed. So frankly I don't think that there is any merit to his argument and there's certainly no case law cited by Peabody Waterside that substantiates that members of an LLC are not joint venturers. If that was the law, then that would have been the rule of law, the question of law, and the court would have been able to say, okay, well if you're a member of an LLC and you can't be a joint venturer, case is over, we find it in Peabody Waterside's favor. But that, it's not a question of law whether someone is conducting themselves as a joint venturer. The class case cited by, cited in our brief by Regents Bank says that that's a question of fact. And it's a question of fact based on the five characteristics set forth in the willful person's height, one of which is are you sharing in the profits and losses of the venturer. This was admitted. All the facts that were, that allowed Judge McGlynn to disclose the case were admitted and not in dispute. And I believe the judge made the proper decision. We would ask that this court affirm the decision. And I do want to address one other thing, and that is language that I've read in other cases addressing this exact situation of a mechanic's lien claimant who owns an interest in the development trying to propel itself, vault itself ahead of its own secured lenders. And I think I began my brief by saying this, in fact, is really the heart of the dispute. It's Regents Bank who hasn't been repaid for their loan, trying to exercise their rights with respect to this property, and now the party that is trying to use the mechanic's lien statute to get priority over the Regents Bank loan so that it can retain ownership of the property. That is really a part of what's going on. And several cases from other jurisdictions find this to prevent that party from not getting a mechanic's lien. We don't need to go into those cases because the Fitzgerald case says on point. These parties are not entitled to mechanic's liens whatsoever. I think at this point I'll conclude my argument unless there's any questions. Thank you, Mr. Sauerwein. Do you have rebuttal, Mr. Christofferson? Yes. This court will be turning LLC law on its head if it finds that an LLC is just a joint venture. Joint ventures are governed by partnership law. They always have been. It's been the law of this state for a very long time. LLCs are not partnerships. They teach first-year law school courses on the differences between partnerships and joint ventures and LLCs and corporations. I'm not suggesting that two LLCs could not come together to form a joint venture, but I am saying that when two LLCs or two people or two corporations or whatever come together and form an LLC for the purpose of taking on some sort of business, that LLC is not and cannot be deemed a joint venture under Illinois law. It is governed by LLC principles, not partnership principles. Judge Gates asked a question about whether the bank had noticed that Peabody Waterside was the contractor, and I can't believe Mr. Sauerwein's answer was no. I would refer the court to, first of all, the legal file C346 to 363, which is that assignment agreement. The evidence, since Mr. Sauerwein was kind enough to put the deposition testimony into the record, Mr. Bethel testified that the bank went out and made monthly inspections of the property. The bank repeatedly had meetings with both members and talked about the progress that Peabody Waterside was making. The notion that they didn't have notice or somehow blindsided by this is flatly untrue, period. Mr. Sauerwein asks you to say, well, forget about joint venture. The law is joint interest. What does that mean? What does it mean to say two people or two entities or three or four are jointly interested in something? Is Peabody Waterside interested in the success of islands? Of course. They're one of the members. They're 50% of the land. Just like I'm interested in how Walmart does, because I own some of their stock. It doesn't make me a co-owner of their property. It doesn't mean I can't file a mechanics lien if I do work on their property. What exactly is this joint interest that he wants you to hang this case on? It's a hook from one case, Fitzgerald. To be clear, it is not in the Mechanics Lien Act. Anywhere. You won't find it. It's one hook from one case that I've distinguished for you already, but ask yourselves, how far does this concept go? What does joint interest mean? It's not codified anywhere. It's simply something that appeared one time in one case, and now they want you to turn LLC law on its head. The last thing I would say is the cases that Mr. Sauermeier mentioned that he cited where individuals or joint venturers were not permitted to claim a lien against their own property. We don't deny that. That's certainly true. There is a case that says an owner of a property can't lien their own property. That's why the analysis in this case has to go back to the ownership interest that the members of the LLC have in the LLC's property. That's why the LLC path comes into play here. Every one of the cases he cited is a case where you had an individual or a partnership, a general partnership, and those are governed by a different set of rules than limited liability. So, thank you very much for your time, and I would ask again that you reverse and revamp your argument. Thank you. Thank you, gentlemen, both for your arguments and briefs. We'll take a matter under advisement.